ANNIE MALMUD, as Executrix, etc., of NATHAN MALMUD, Deceased, Respondent, v. LILLIAN BLACKMAN, Also Known as LILLIAN B. HINKEL, and BENJAMIN BLACKMAN, Appellants. ATRIN REALTY CO., INC., and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.— On the court's motion, the decision handed down on February 13, 1931,* is hereby amended to read as follows: Judgment reversed upon the law and a new trial granted, costs to abide the event, upon the ground that the court committed error in excluding the conversation between Helen Malmud, the conceded agent of plaintiff, and defendant Benjamin Blackman, with reference to the mortgage in suit. If plaintiff took an assignment of the mortgage and extended the term thereof in the belief that $25,000 was due thereon, then plaintiff would be entitled to judgment. But if plaintiff, in connection with the assignment of the mortgage, with a knowledge that only $22,000 was due thereon, arranged for an extension of the mortgage based upon the promise of defendants Blackman to pay $25,000 as the principal sum of the mortgage, said defendants' defense of usury would be established. Appeal from order dismissed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

ANTONIO MARIANELLO, Respondent, v. ABRAHAM FEIR, Appellant.— Judgment modified by striking therefrom the provision containing the injunction (fol. 97) and by substituting in place thereof the following: " Ordered, adjudged and decreed that the plaintiff is entitled to a judgment against the defendant, and the defendant is restrained from conducting his business at premises generally known as 156 South 8th Avenue, Mount Vernon, New York, and from its continuance, in such a manner as to cause noises and odors that may interfere with the plaintiff's health, comfort and repose and from so conducting such business as to permit feathers to be burned on the premises and scattered and blown upon plaintiff's premises." As so modified, the judgment is unanimously affirmed, with costs to appellant. The injunction contained in the judgment is too broad. It would in practical effect prevent the defendant from conducting the business at all, and this was not the intention or decision of the court at Special Term. As modified by our decision, the judgment will comprehend all of the acts of the defendant which plaintiff is entitled to restrain. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.